IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **WILNERSON OCCELIN,** | : | |
| Petitioner | : | CIVIL NO. 1:CV-09-02104 |
| v. | : | (Judge Rambo) |
| **ERIC HOLDER,** *et al.*, | : | |
| Respondents | : | |

## **M E M O R A N D U M**

Petitioner Wilnerson Occelin ("Occelin"), currently detained by the United States Immigration and Customs Enforcement ("ICE") at the York County Prison in York, Pennsylvania, commenced this action *pro se* with a petition for writ of habeas corpus filed under the provisions of 28 U.S.C. § 2241.[1] (Doc. 1.) Occelin is challenging his removal on the basis that he is entitled to derivative citizenship through his father. For the reasons that follow, the petition will be dismissed.

I. **Background**

Occelin, a native and citizen of Haiti, entered the United States on March 14, 1996, as a lawful permanent resident. (Doc. 1, Ex. 6, Notice to Appear.) On

---

[1] Occelin previously filed a habeas corpus petition in this court challenging his continued detention pending the removal proceedings. (*See Occelin v. District Director for ICE, DHS, et al.*, No. 1:09-CV-00164 (M.D. Pa, Jan. 27, 2009)). By memorandum and order dated November 9, 2009, the court granted Occelin habeas relief and directed ICE to release him, subject to reasonable conditions of supervision. (*See id.* at Doc. 51.)

September 3, 2003, Occelin was convicted in the Supreme Court of the State of New York for criminal possession of stolen property in the third degree, in violation of section 165.50 New York's penal code. (*Id*.) He was sentenced to a term of imprisonment of one (1) to three (3) years. (*Id*.)

On July 2, 2007, ICE issued a "Notice to Appear" informing Occelin that he was subject to removal under section 237(a)(2)(A)(iii) of the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1227(a)(2)(A)(iii), as amended, because he had been convicted of an aggravated felony. (*Id*.) Upon his release from state custody, Occelin was served with the Notice to Appear on August 7, 2007, and placed into ICE custody. (*Id*.)

While in ICE custody and subject to removal proceedings, on October 16, 2007, Occelin filed an Application for Certificate of Citizenship, Form N-600, with the United States Citizenship and Immigration Services ("USCIS"), claiming he is eligible for derivative citizenship through the naturalization of his father. (Doc. 1, Ex. 7, Form N-600.) On November 28, 2007, USCIS issued a decision denying Occelin's application. (Doc. 1, Ex. 8, USCIS Notice of Decision.) Specifically, the USCIS District Director concluded that

> inasmuch as only your father obtained citizenship of this country prior to your eighteenth birth date, and inasmuch as your mother never became a

> citizen of the United States, and as your parents were never legally married, and thereafter divorced, with legal custody over you accorded to your United States citizen parent before your eighteenth birth date, you did not derive citizenship through your naturalized United States citizen father at any time.

(*Id*.) Occelin appealed the decision to an Immigration Judge ("IJ"), who affirmed the USCIS decision by an interlocutory ruling dated January 23, 2008. (Doc. 1, Ex. 9, IJ Decision.)

Occelin filed another Application for Certificate of Citizenship on June 25, 2008, again claiming derivative citizenship through the naturalization of his father. (Doc. 1, Ex. 10, Form N-600.) On September 23, 2008, USCIS denied Occelin's application because he failed to establish that his parents were legally separated at the time of his father's naturalization. (Doc. 1, Ex. 11, USCIS Notice of Decision.) Occelin filed a motion for reconsideration of the USCIS's decision on October 14, 2008. (Doc. 1, Ex. 12, Form I-290B, Notice of Appeal or Motion.) On January 20, 2009, USCIS denied Occelin's motion for reconsideration, finding that Occelin had failed to establish that his father's marriage to another woman in New York constituted a legal separation between his father and mother under Haitian common law or New York law. (Doc. 1, Ex. 13, Decision on Motion to Reconsider.) Because Occelin's parents were married under common law but were never legally separated,

3

USCIS concluded that he did not derive citizenship through his father's naturalization. (*Id*.)

On January 28, 2009, an IJ issued an order of removal of Occelin from the United States to Haiti. (Doc. 1, Ex. 14, Order of the IJ.) In that order, the IJ also granted Occelin's request for deferral of removal pursuant to the Convention on Torture ("CAT"). (*Id*.) On February 2, 2009, both Occelin and ICE appealed the decision of the IJ to the Board of Immigration Appeals ("BIA"). (*See* Doc. 1, Ex. 15, BIA Decision.) On July 8, 2009, the BIA issued a decision remanding Occelin's removal case to the IJ in York, Pennsylvania, because portions of testimony had not been transcribed. (*Id*.) To date, the appeals, including Occelin's appeal based on his derivative citizenship claim, have yet to be adjudicated.[2]

---

[2] In Occelin's other habeas proceeding in this court, (*see Occelin*, No. 1:09-CV-00164), *supra* note 1 at 1, counsel for Occelin has filed several reports on the status of Occelin's removal proceedings. (*See id.* at Docs. 45, 47, 49, 50.) In the latest of those reports, of which the court will take judicial notice here, counsel for Occelin reports the following: on August 24, 2009, the IJ issued a notice advising Occelin that a "master calendar hearing" was scheduled in his case for September 2, 2009. (*Id*. at Doc. 45.) At the September 2, 2009 "master calendar hearing," the IJ concluded that the testimony of Occelin's expert witness must be presented anew because, due to an error with the recording equipment, that testimony had not been recorded in its entirety. (*Id*. at Doc. 47 at 2.) The IJ also scheduled a merits hearing for December 9, 2009. (*Id*.) During that hearing, Occelin is expected to present again expert testimony in support of his claim for protection from removal under CAT. (*Id*.) In the status report, Occelin also asserted that even if the IJ decides his CAT claim at that December 9th hearing, either the government or Occelin will appeal that decision, depending on the outcome. (*Id*. at Doc. 47 at 3.) Moreover, Occelin declared that even if neither party were to appeal the IJ's decision on his CAT claim, he would continue to pursue his BIA appeal of the IJ's denial of his claim to derivative United States citizenship. (*Id*.)

Occelin filed, *pro se*, the instant petition on October 29, 2009. (Doc. 1.) Along with the petition, Occelin has filed a motion for leave to proceed *in forma pauperis*, (Doc. 2), and a motion for appointment of counsel, (Doc. 4). For the reasons set forth below, the petition will be dismissed for lack of jurisdiction because Occelin has failed to exhaust his administrative remedies with respect to his claim presented.

## II. Discussion

Habeas corpus petitions brought under § 2241 are subject to summary dismissal pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254 (applicable to § 2241 petitions under Rule 1(b)). *See Patton v. Fenton*, 491 F. Supp. 156, 158-59 (M.D. Pa. 1979).

Federal statutes and regulations provide an administrative process for aliens to apply for derivative citizenship and appeal an unfavorable determination. 8 U.S.C. § 1452(a); 8 C.F.R. §§ 341.1, 103.3(a). *See Ewers v. INS*, No. 3:03-CV-104, 2003 WL 2002763, at *2 (D. Conn. Feb. 28, 2003). Moreover, federal law requires that the alien exhaust all available administrative remedies before seeking judicial review with respect to a claim of citizenship, whether it is raised in a removal proceeding or through the filing of an application for declaration of citizenship. *See* 8 U.S.C. § 1252(b); 8 U.S.C. § 1503(a); *see also Massieu v. Reno*, 91 F.3d 416, 426 (3d Cir.

1996); *United States v. Breyer*, 41 F.3d 884, 891-92 (3d Cir. 1994) (§ 1503(a) requires a "final administrative denial" before commencing an action for a declaratory judgment); *McKenzie v. INS*, No. 04-1001, 2005 WL 452371, at *4 (E.D. Pa. Feb. 23, 2005). This exhaustion requirement is jurisdictional. *See Duvall v. Elwood*, 336 F.3d 228, 233 (3d Cir. 2003); *Breyer*, 41 F.3d at 891-92.

In the instant case, the court lacks jurisdiction to entertain the habeas petition. Notably, Occelin is not requesting release pending his removal on the basis that his continued detention by ICE violates his constitutional rights. *See Zadvydas v. Davis*, 533 U.S. 678, 699 (2001) (holding continued detention of a removable alien amounts to a due process violation where "the detention in question exceeds a period reasonably necessary to secure removal"). Rather, Occelin is challenging his actual removal on the basis that he is entitled to derivative citizenship through his father. However, in the instant petition, Occelin indicates that his appeal of his claim of derivative citizenship is currently pending. Since Occelin has failed to exhaust his administrative remedies with respect to his claim of derivative citizenship, this court lacks jurisdiction to review such a claim in a petition for habeas corpus relief. *Duvall*, 336 F.3d at 232. Therefore, the court will dismiss the petition.

An appropriate order follows.

                                                  s/Sylvia H. Rambo
                                                  United States District Judge

Dated: November 10, 2009.

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

**WILNERSON OCCELIN,** :
:
    **Petitioner** : **CIVIL NO. 1:CV-09-02104**
:
**v.** : **(Judge Rambo)**
:
**ERIC HOLDER,** *et al.*, :
:
    **Respondents** :

## O R D E R

**AND NOW**, this 10TH day of November, 2009, for the reasons set forth in the accompanying memorandum, **IT IS HEREBY ORDERED THAT:**

1) The motion for leave to proceed *in forma pauperis* (Doc. 2) is **GRANTED**.

2) The petition for writ of habeas corpus (Doc. 1) is **DISMISSED** for lack of jurisdiction.

3) The motion for appointment of counsel (Doc. 4) is **DENIED**.

4) The Clerk of Court is directed to **CLOSE** this case.

                                                 s/Sylvia H. Rambo
                                                 United States District Judge